UNITED STATES of America,

v.

Joseph MAGNANO and Frank Pallatta, Defendants.

No. S. 75 Cr. 687.

United States District Court,
S. D. New York.

Jan. 24, 1978.

Robert B. Fiske, Jr., U. S. Atty., Dominic F. Amorosa, Asst. U. S. Atty., New York City, of counsel, for the Government.

Joseph Magnano, and Frank Pallatta, pro se.

## MEMORANDUM

IRVING BEN COOPER, District Judge.

The defendants in one application move pro se for reduction of sentence pursuant to Rule 35, Federal Rules of Criminal Procedure. Tried by a jury, they were found guilty of conspiring to violate the federal narcotics laws and on three substantive counts of distributing heroin. On December 3, 1975 defendants were sentenced to terms of imprisonment of fifteen years on each count, the sentences for conspiracy and the first sale count to run consecutively and the sentences on the last two sale counts to run concurrently with the first two counts. In addition, a term of three years' special parole was imposed. For the reasons discussed herein, we are constrained to deny defendants' application in its entirety.

In bringing on their motion defendants have set forth various reasons why the relief they seek should be granted. They argue that their ages are a factor (Magnano is 46 years old; Pallatta is 45); that they have pressing family responsibilities; that their previous criminal records did not warrant such severe sentences; that their conduct while in prison has been exemplary; that the sentences they received were not consistent with those received by others similarly situated; and lastly, that a co-defendant received a more lenient sentence.

The reasons defendants have listed fail to provide this court with any ground which would justify a reduction in the sentences originally imposed. All relevant factors were given full consideration by this court at the time of sentencing. We were well aware then of the ages of defendants, as well as of their obligations to their families. It is a sad by-product of criminal activity that a defendant's family will often be made to bear a much heavier burden than that which a defendant himself may suffer by reason of a term of incarceration. However unfortunate this might be, it alone will not justify a reduction of sentence, except perhaps in the most severe situations. The cases now before us are not of that kind. Defendants' obligations to their families should have been considered long before the commission of their criminal acts.

A defendant's prior contacts with law enforcement authorities are only one of many factors we took into consideration at the time of sentencing. Here, the magnitude of the drug transactions in which the defendants were involved clearly mandated that they be dealt with severely, irrespective of their previous records. Defendants were extremely active, major participants in a nefarious drug racketeering scheme by which they jointly supplied large quantities of heroin to customers for street level distribution. At the time of sentencing we addressed ourselves to the scope and seriousness of their complicity in that same scheme; our remarks then well bear repeating:

> We have presided over trials involving the sale of substantial quantities of narcotics. Never, however, on a scale as extraordinary as this with its enormous quantities of heroin bought and sold on an almost daily basis. The activities of this group emphasize the overlords and regimental tiers of operation, all governed by tight maneuvers and bold enough to successfully avoid governmental detection of which they were constantly apprehensive and aware. Nor have the important operational details of their cruel enterprise come to light even at this late date.

> Let's face it. So inhuman, ruthless and cold blooded was their approach to the execution of their nefarious schemes that we sat aghast at the unfolding of the enormity of their horrifying indifference to life's values.

> The holocaust of misery, the dreadful terminus of life for legions following the vast narcotic operations revealed herein too horrifying even to contemplate. [*USA v. Magnano et al.*, sentencing minutes at p. 52]

Defendants' assertion that their prior records should be a factor in mitigation of their sentences is completely without merit. Even if viewed apart from the narcotics offenses with which we are concerned herein, defendants' records are by no means clear. Pallatta was convicted of burglary at the age of seventeen, only to be convicted again of the same offense three years later. Magnano had five convictions for violations of the New York gambling statutes (policy) over a period of sixteen years. Such prior histories, considered by us at the time of sentencing, did not help to bolster their standing before us. By no means, we repeat, was that item a principal factor on sentence; their other criminal deportment far exceeded the imprint of their prior criminal records.

Furthermore, defendants' sentences were consistent with those imposed on defendants similarly situated in that all such sentences must be within the limits of the law; beyond that each judge must determine the individual sentence by considering that which was revealed at trial, by reviewing the detailed pre-sentence report, and by an evaluation of each defendant as a total human being. In effect each case is unique; the flexibility built into the federal sentencing statutes has taken this reality into consideration. A review of the enormity of the drug sales in which defendants were implicated more than justifies the sentences that were given.

The co-defendant to which defendants allude was convicted on the conspiracy count and on one substantive count—substantially

less. Further, the total factors operating for and against him differed enormously from those present in the cases of these movants. Finally, defendants' conduct during their relatively short time in prison is not a factor we can now recognize as warranting a reduction of sentence.

We have reflected upon the within application with the greatest care, for we fully recognize its importance to defendants and community alike. Under all the facts and circumstances which compel our undivided attention and clear recognition, we are constrained to and do deny the application of these defendants in its entirety.

SO ORDERED.